```
                   UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD C. GOOD, et al.,         :   CIVIL NO. 4:06-CV-2268
                                 :
              Plaintiffs         :   (Magistrate Judge Smyser)
                                 :
       v.                        :
                                 :
CITY OF SUNBURY,                 :
                                 :
              Defendant          :
```

**MEMORANDUM AND ORDER**


The complaint was filed on November 22, 2006. The plaintiffs are Richard C. Good and Charlene J. Good, husband and wife. The defendant is the City of Sunbury, a Pennsylvania municipality. The complaint contains a federal claim, a 42 U.S.C. § 1983 claim, and the court has federal question jurisdiction. 28 U.S.C. § 1331. The complaint also contains state law claims. The supplemental jurisdiction of the court is invoked. The supplemental jurisdiction of the court may be exercised under 28 U.S.C. § 1367.

The complaint states that the plaintiffs own real estate in the City of Sunbury. They own real estate at 250-260 Race Street, comprised of three buildings, housing ten rental apartment units. It states that the City of Sunbury Code Office has repeatedly notified the plaintiffs that their properties on Race Street are not in compliance with the

International Property Maintenance Code, which has been adopted by the City of Sunbury, in that there were allegedly bags of rubbish and trash in the rear yards or rear porches of the rental units.  It alleges that the plaintiffs deny that they have violated the International Property Maintenance Code in that their tenants are responsible for trash removal.  It alleges that the City has not ever issued a citation to the plaintiffs which, if the City had done so, would have afforded the plaintiffs the opportunity to defend against allegations of violation(s) on the plaintiffs' part.

The complaint alleges that the plaintiffs have always been in compliance with the substantive provisions of the building and property codes of the City of Sunbury.

On August 9, 2004, the complaint states, the City of Sunbury entered a "Resolution" adopting a policy of designating certain properties as "'Nuisance Properties' if said properties are the subject of three or more 'founded' code complaints within a twelve month period."  The Resolution was not advertised or enacted as an ordinance.  The Resolution did not define "nuisance" or "founded."  It did not provide for any "procedural or substantive proceedings to allow a property owner to challenge or defend a designation of 'nuisance property.'"

On July 25, 2005, the City of Sunbury's Code Office sent a letter to the plaintiffs stating that a list of

2

complaints and violations would be presented to the City Council on August 8, 2005 and that the July 25, 2005 letter was a warning letter.  The letter did not state to them that the Code Officer was asking the Council to designate the plaintiff's property as a "nuisance."  On August 6, 2005, the Code Office sent another letter to the plaintiffs concerning tenants' trash.  On August 8, 2005, the City Council declared the plaintiffs' property a "nuisance."  The designation was published in the Sunbury Daily Item and on WNEP Channel 16 television.

The complaint states that the plaintiffs' reputations were damaged.  It states that plaintiff Charlene Good, who was responsible for the day-to-day management of the properties, and plaintiff Richard Good, a car dealer, suffered physical, economic and psychological harm, pain and suffering.

The complaint asserts that the City followed unfair procedures, that there was not a factual basis for the "nuisance" designation, that the plaintiffs did not violate any municipal ordinance or law, and that the events caused a violation of the plaintiffs' constitutional and statutory rights.

The first cause of action is that the Fifth and Fourteenth Amendment due process rights of the plaintiffs were violated by the City.  The second cause of action is

based upon state law: defamation, intentional infliction of emotional distress, and invasion of privacy.  Compensatory and punitive damages are sought, as well as attorneys' fees and costs.

An answer to the complaint was filed on January 23, 2007.  (Doc. 6).  The defendant filed a motion for summary judgment on December 4, 2007, and a brief in support.  (Docs. 20, 21).  A LR 56.1 statement of facts was filed.  (Doc. 22).  A brief in opposition was filed on January 16, 2008.  (Doc. 28).  No reply brief has been filed.

Based upon the defendant's LR 56.1 statement of material facts, the absence of disagreement by the plaintiffs with the material facts as stated by the defendant, and the provisions of LR 56.1, the material facts[1] for the purposes of this motion are:

> 1.  Plaintiffs' case was commenced by filing a Complaint with this Honorable Court on or about November 22, 2006.
>
> 2.  Plaintiffs, Richard C. Good and Charlene J. Good ("Plaintiffs"), are adult individuals who own property located at 250-260 Race Street in the City of Sunbury.

---

[1] The material facts stated in 10, 11, 12 and 13 are statements of law or restatements of the legal claims set forth in the pleadings.

3. The code office of the City of Sunbury has repeatedly notified the Plaintiffs that their properties on Race Street are out of compliance with the International Property Maintenance Code in that there were bags of rubbish and trash in the rear yards or porches of the rental units.

4. Notices of said violations were given.

5. On or about August 9, 2004, Defendant, City of Sunbury ("Sunbury"), entered a [resolution] adopting a policy of designating certain properties as "nuisance properties" if said properties are the subject of three or more founded code complaints within a 12-month period.

6. The Resolution does not define the term "nuisance" or the term "founded."

7. On or about July 25, 2005, Sunbury forwarded the Plaintiffs a letter advising them that a list of complaints and violations would be presented to the City Council on August 8, 2005. On August 6, 2005 the code

>        office sent another notice concerning
>        tenant's trash.
>
>        8.  On August 8, 2005, the council of Sunbury
>        declared Plaintiffs' property a "nuisance."
>        This designation was published in the Sunbury
>        <u>Daily Item</u> and on WNEP Channel 16 television.
>
>        9.  The designation was removed on or about
>        September 13, 2005.

(Doc. 22, internal citations omitted).

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving

party must "set out specific facts showing a genuine issue for trial."  Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

7

The defendant argues that it is entitled to summary judgment as to the Fifth Amendment due process claim because the Fifth Amendment is not applicable to state action. This is well settled. *Nguyen v. U.S. Catholic Conference,* 719 F.2d 52, 54 (3d Cir. 1983). The defendant is entitled to judgment as to the Fifth Amendment claim.

The defendant argues that it is entitled to summary judgment as to the plaintiffs' Fourteenth Amendment due process claim because the nature of the deprivation or loss allegedly caused to the plaintiffs by the municipal government was a deprivation or loss of reputation and because a loss or deprivation of one's good reputation is not as a matter of law a loss of life, liberty or property. It has been affirmed in several decisions that a potential loss of reputation does not of itself give rise to the right to due process. *Paul v. Davis,* 424 U.S. 693 (1976); *Hill v. Borough of Kutztown,* 455 F.3d 225 (3d Cir. 2006); *Edwards v. California University of Pennsylvania,* 156 F.3d 488 (3d Cir. 1998); *Kelly v. Borough of Sayreville, N.J.,* 107 F.3d. 1073 (3d Cir. 1997); *Kline v. City of Sunbury,* No. 4:07-CV-0932 (M.D.Pa., Oct. 29, 2007, Jones, J.). However, when there is a prospect for stigma or the deprivation of one's good reputation as the result of a municipal or state government's action, and there is also another prospective loss of a right or interest, a municipal or state actor must afford due process in imposing such a deprivation or loss. *Hill, supra.* In this case, the plaintiffs have argued in opposing summary

8

judgment that there was a loss and deprivation in addition to the deprivation and loss of the plaintiffs' good reputation in that plaintiff Charlene Good has suffered significant psychological harm as the result of the municipal defendant's actions.  We must decide whether a property owner's psychological injury arising from a municipality's labeling of her property as a "nuisance property" is materially the same as a public employee's loss of his or her job arising from or incidental to a public employer's stigmatization of the public employee.  The question is whether the two are materially the same in the sense that they constitute a "plus" in the "stigma plus" context.

It is important to note at the outset that the psychological injury of plaintiff Charlene Good is not a form of a deprivation or loss of a right or an interest of itself, but rather is one potentially compensable form of injury allegedly resulting from the government imposed stigma.  It is materially the same for analytical purposes here as would be economic loss resulting from a devaluation of the property because of the stigmatization of the property.  The plaintiffs argue that "Ms. Good's psychological injuries are an additional deprivation of rights or liberties which constitute the 'plus' of the stigma plus test."  It is arguably erroneous, however, to equate an injury allegedly caused by the deprivation of a right (for example, a broken leg caused by a negligently driven car) to the deprivation of a right (in the case of a broken leg, the right to the

9

driver's exercise of due care).  Charlene Good's alleged psychological injury is an injury allegedly caused by the alleged  deprivation of a right.  It is not itself the deprivation of a right.  There is not a legal right protected by the Due Process Clause not to be psychologically injured.

In *Kline,* the Court decided that a claim of an alteration of the plaintiff's status "from a law abiding citizen to a non-law abiding citizen who has created a detriment to the neighborhood and takes no pride in maintaining his property" is not materially distinguishable from the alleged stigma of the declaration of a "nuisance property."  The plaintiffs here seek to distinguish *Kline* by asserting that there the plaintiff did not claim any physical or emotional harm as a result of the nuisance designation.

In *Hill,* the Court held that the stigma-plus standard is met when a public employee has been stigmatized by his or her public employer and also has lost his or her job, even if he or she has no property interest in the job that he or she has lost.  455 F.3d at 238.

The harm allegedly caused to plaintiff Charlene Good as an alleged result of having been stigmatized by the City is not an injury as independent from the injury of being stigmatized as the injury of being constructively discharged from one's public employment is from the injury of being

10

stigmatized by one's public employer.  We do not necessarily believe that there is a principled bright line distinction to be drawn between the two, however, and will not hold that there is.

In *Edwards,* the Court had held that stigma alone, although without due process, does not give rise to a procedural due process claim.  *Edwards,* like the later *Hill* case, had involved the alleged stigmatization of an employee by a public employer.  In the earlier decision in *Kelly,* where the case had also involved a public employer's statements of criticisms and negative disclosures about the public employee plaintiff, it is plain that the Court was focusing upon the matter of actual and tangible monetary loss in its analytical distinction of the plaintiff's claim of a due process violation from a claim of a due process violation based upon stigmatization upon which relief could be granted.  The Court had implied that the loss of one's employment would satisfy the "plus" requirement, as it later held in *Hill.*

In the context of a public employee's stigmatization by the public employer, the Third Circuit has said that the loss of the job in addition to the stigmatization would state an actionable procedural due process claim.  The Third Circuit has not said whether a public employee's psychological injuries would constitute a "plus" such as would give rise to an actionable procedural due process claim.

11

The comparison of the public employee's interests to those of the owner of real estate involves material analogical dissimilarities. In the public employee context the alleged employer-caused stigma is to the employee directly, whereas in the case of a "nuisance" declaration the stigmatization is directly leveled at the property, not at its owner. The real estate owner is stigmatized indirectly by implication.

Although it is acknowledged that the issue is not without substantial arguments on both sides, we conclude that there is not a basis in the summary judgment record to find there to be a genuine factual dispute as to whether there was a loss or deprivation other that stigmatization, and that a reasonable jury could not find a deprivation other than stigmatization, for the reason that the psychological injury is not a loss or deprivation that is independent of the stigmatization of the property owner as a result of the negative labeling of the property. Therefore, by application of the above-cited Third Circuit decisions, we conclude that there is not a Fourteenth Amendment procedural due process claim that survives the summary judgment motion.

The defendant is entitled to summary judgment upon the plaintiffs' federal claims. The court will not retain jurisdiction for the purpose of the state law claims.

**IT IS ORDERED** that summary judgment is **GRANTED** in favor of the defendant and against the plaintiffs upon the federal law claims and that the complaint is otherwise **DISMISSED**.  The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the pretrial conference and trial are cancelled.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   February 5, 2008.